UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Timothy M. Zabielski aka Timothy Michael Zabielski<br>            Debtor(s) | BK. NO. 19-00498 MJC |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVINGHOME EQUITY LOAN TRUST, SERIES 2005-F<br>            Movant<br>        v.<br>Timothy M. Zabielski aka Timothy Michael Zabielski<br>            Debtor(s)<br>      and<br>Jack N. Zaharopoulos<br>            Trustee | CHAPTER 13 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Date: July 12, 2022

               /s/ Rebecca A. Solarz, Esq.
               _____
               Rebecca A. Solarz, Esquire
               KML Law Group, P.C.
               701 Market Street, Suite 5000
               Philadelphia, PA 19106-1532
               Phone: (215) 627-1322 Fax: (215) 627-7734
               Attorneys for Movant/Applicant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Timothy M. Zabielski aka Timothy Michael Zabielski<br>　　　　　　　　　　**Debtor(s)** | **CHAPTER 13** |
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2005-F<br>　　　　　　　　　　**Movant**<br>　　　　vs. | **NO. 19-00498 MJC**<br><br>**11 U.S.C. Section 362** |
| Timothy M. Zabielski aka Timothy Michael Zabielski<br>　　　　　　　　　　**Debtor(s)**<br><br>Jack N. Zaharopoulos<br>　　　　　　　　　　**Trustee** | |

## IMPORTANT NOTICE

**Bank of America, N.A. ("BANA") is committed to helping its Consumer & Small Business clients experiencing hardship. Depending upon the circumstances of your case, BANA may be agreeable to a consensual resolution of this matter through, among other things, a Court approved temporary deferral of payments, a restructuring of payments, or a restructuring of payment amounts. If you, or where applicable any co-debtors, fall into this category, you or your counsel (if represented) should promptly contact the undersigned to discuss possible options.**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK SUCCESSOR

INDENTURE TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS INDENTURE TRUSTEE ON

BEHALF OF THE NOTEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY

LOAN TRUST, SERIES 2005-F ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for

relief from the automatic stay with respect to certain real property of the Debtor having an address of 106 MCLEAN ST, DUPONT, PA 18641-1323 (the "Property"), for all purposes allowed by the Note (defined below), the Mortgage (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtor on February 05, 2019.

2. A Chapter 13 Plan was confirmed on May 08, 2019.

3. Debtor has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $30,000.00 (the "Note"). A copy of the Note is attached hereto as Exhibit A. Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Open-End Mortgage, dated August 23, 2005, and recorded in the office of the county clerk of Luzerne County, Pennsylvania, (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor under and with respect to the Note and the Mortgage are secured by the Property and the other collateral described in the Mortgage. A copy of the Mortgage is attached hereto as Exhibit B.

5. All rights and remedies under the Mortgage have been assigned to the Movant pursuant to an assignment of mortgage. A copy of the assignment of mortgage is attached hereto as Exhibit C.

6. As of July 07, 2022, the approximate outstanding amount of the Obligations less any partial payments or suspense balance is $24,380.59.

7. The following chart sets forth the number and amount of post-petition payments due pursuant to the terms of the Note that have been missed by the Debtor as of July 07, 2022.

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 1 | 4/25/2022 | 4/25/2022 | $286.36 | $286.36 |
| 1 | 5/25/2022 | 5/25/2022 | $285.21 | $285.21 |
| 1 | 6/25/2022 | 6/25/2022 | $288.08 | $288.08 |
| Less postpetition partial payments (suspense balance): | | | | ($256.71) |

Total: $602.94

8. As of July 07, 2022, the total postpetition arrearage/delinquency is $602.94.

9. The estimated market value of the Property is $68,208.00. The basis for such valuation is Debtor's Schedule "A".

10. Upon information and belief, the encumbrances on the Property listed in the Schedules or otherwise known, including but not limited to the encumbrances granted to Movant, listed in order of priority are: (i) Wells Fargo Bank, N.A. ($44,144.01); (ii) Bank of New York Mellon, ($24,380.59).

11. The amount of the next monthly payment of the Debtor under the terms of the Note and Mortgage is 288.08.

12. Attached hereto as Exhibit D is Local Bankruptcy Form 4001-1.

13. Cause exists for relief from the automatic stay for the following reasons:

   a). Movant's interest in the Property is not adequately protected.

   b). Movant's interest in the collateral is not protected by an adequate equity cushion.

   c). The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

   d). Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay for all purposes allowed by the Note, the Mortgage, and applicable law, including but not limited allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property and any and all other collateral pledged under the Mortgage.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

3. For such other relief as the Court deems proper.

4. Movant further requests that upon entry of an order granting relief from stay, it be exempted from further compliance with Fed. Rule Bankr. P. 3002.1 in the instant bankruptcy case.

Date: July 12, 2022
/s/ Rebecca A. Solarz, Esq.
_____

Rebecca A. Solarz, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
Phone: (215) 627-1322 Fax: (215) 627-7734
Attorneys for Movant/Applicant